ORAL ARGUMENT SCHEDULED FOR NOVEMBER 13, 2013

SUR-REPLY BRIEF FOR APPELLEE
───────────────────────

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT
───────────────────────

No. 08-3033
(Consolidated with Nos. 10-3108 & 11-3031)
───────────────────────

UNITED STATES OF AMERICA,                              Appellee,

   v.

JOSEPH LEON JONES, *et al.*,                           Appellants.

───────────────────────

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
───────────────────────

RONALD C. MACHEN JR.
United States Attorney

ELIZABETH TROSMAN
ANN PETALAS
GILBERTO GUERRERO
* STRATTON C. STRAND,
D.C. Bar #464992
Assistant United States Attorneys

* Counsel for Oral Argument
555 Fourth Street, NW, Room 8104
Washington, D.C. 20530
(202) 252-6829

Cr. Nos. 05-100 (RWR)

## STATUTES AND REGULATIONS

Pursuant to D.C. Circuit Rule 28(a)(5), appellee states that all pertinent statutes and regulations are contained either in the Addendum to the Final Main Brief of Appellants, or in the Addendum for Appellee, appended to the Final Brief for Appellee.

## TABLE OF CONTENTS

SUMMARY OF ARGUMENT ................................................................... 1

ARGUMENT ........................................................................................... 2

    *Peugh* ............................................................................................... 2

    *Alleyne* ............................................................................................. 5

CONCLUSION ......................................................................................... 9

# TABLE OF AUTHORITIES*

\*  *Alleyne v. United States*, 133 S. Ct. 2151 (2013) ................................. 1, 5-8

*Apprendi v. New Jersey*, 530 U.S. 466 (2000) ............................................. 8

*Gall v. United States*, 552 U.S. 38 (2007) ................................................ 2, 3

*Harris v. United States*, 536 U.S. 545 (2002) ............................................. 5

*Kimbrough v. United States*, 552 U.S. 85 (2007) ....................................... 3

\*  *Peugh v. United States*, 133 S. Ct. 2072 (2013) ....................................... 1-4

*Rita v. United States*, 551 U.S. 338 (2007) .................................................. 3

*United States v. Booker*, 543 U.S. 220 (2005) ....................................... 2-4, 8

*United States v. Bras*, 483 F.3d 103 (D.C. Cir. 2007) ............................... 4

*United States v. Dorcely*, 454 F.3d 366 (D.C. Cir. 2006) .......................... 7

*United States v. Figueroa*, No. 12-1527-CR,
    2013 WL 3745905 (2d Cir. Jul. 18, 2013) ............................................. 6

*United States v. Settles*, 530 F.3d 920 (D.C. Cir. 2008) ........................... 4

---

\*  Authorities upon which we chiefly rely are marked with asterisks.

iii

## OTHER AUTHORITIES

PAGE

USSG §5G1.1 ................................................................................... 6

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————

No. 08-3033
(Consolidated with Nos. 10-3108 & 11-3031)

———————————

UNITED STATES OF AMERICA,                          Appellee,

v.

JOSEPH LEON JONES, *et al.*,                               Appellants.

———————————

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————

SUR-REPLY BRIEF FOR APPELLEE

———————————

**SUMMARY OF ARGUMENT**

In their reply brief, appellants cite *Peugh v. United States*, 133 S. Ct. 2072 (2013), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013), in support of their claim that the district court violated the Sixth Amendment by considering their acquitted conspiracy conduct when sentencing them within the ranges prescribed by the U.S. Code for the

narcotics-distribution offenses of which they were convicted. Far from supporting appellants' claim, *Peugh* and *Alleyne* refute it.

## ARGUMENT

### *Peugh*

*Peugh* held that a district court violates the *Ex Post Facto* Clause when it sentences a defendant under a version of the U.S. Sentencing Guidelines promulgated after the defendant committed his criminal acts, if the new version provides a higher applicable Guidelines range than the version in place at the time of the offense. 133 S. Ct. at 2078. Although acknowledging that, under *United States v. Booker*, 543 U.S. 220 (2005), the Guidelines are "no longer binding," 133 S. Ct. at 2080, the Supreme Court reasoned that the post-*Booker* sentencing scheme operates to make it more likely that defendants will receive within-Guidelines sentences, *id.* at 2083-84. Specifically, district courts must begin all sentencing proceedings by correctly calculating the applicable Guidelines range, and must ensure that any sentence varying from that range is justified by reasons "'sufficiently compelling to support the degree of the variance.'" *Id.* at 2080, 2087 (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). Appellate courts, in turn, may presume

2

that a within-Guidelines sentence is reasonable, and must weigh "'the extent of any variance from the Guidelines range'" in determining whether the district court abused its discretion in its choice of sentence. *Id.* (quoting *Gall*, 552 U.S. at 51). Given these requirements, the Court held, "[a] retrospective increase in the Guidelines range applicable to a defendant creates a sufficient risk of a higher sentence to constitute an *ex post facto* violation." *Id.* at 2084.

Appellants read *Peugh* to suggest that the Supreme Court no longer views the Guidelines as effectively advisory; from this, appellants infer that *Peugh* signals a return to the pre-*Booker* system, wherein the "statutory maximum" for Sixth Amendment purposes is the upper end of the Guidelines range corresponding to the base-offense level for the crime of conviction (Final Reply Brief of Appellants at 10-12; *see also id.* at 15 ("Determining the appropriate range . . . should be derived solely by the facts found by a jury beyond a reasonable doubt and reflected in its verdict.")). *Peugh*, however, expressly rejected any such reading, cautioning that "[n]othing we say today undoes the holdings of *Booker*, *Rita* [*v. United States*, 551 U.S. 338 (2007)], *Gall*, *Kimbrough* [*v. United States*, 552 U.S. 85 (2007)], or our other recent

3

sentencing cases." *Id.* at 2088 (internal quotation marks and editing omitted). As the Court explained:

> [T]he Sixth Amendment and *Ex Post Facto* Clause inquiries are analytically distinct. Our Sixth Amendment cases have focused on when a given finding of fact is *required* to make a defendant *legally eligible* for a more severe penalty. Our *ex post facto* cases, in contrast, have focused on whether a change in law creates a 'significant risk' of a higher sentence . . . . The *Booker* remedy was designed, and has been subsequently calibrated, to exploit precisely this distinction: it is intended to promote sentencing uniformity *while avoiding a Sixth Amendment violation.*

*Id.* (emphases added). *Peugh*, then, leaves unchanged the post-*Booker* sentencing regime, under which judicial fact-finding does not "implicate the Sixth Amendment" because judges are "bound only by the statutory maximum." *Booker*, 543 U.S. at 233-34. *See also id.* at 249, 259; *United States v. Settles*, 530 F.3d 920, 923 (D.C. Cir. 2008) ("For Sixth Amendment purposes, the relevant upper sentencing limit established by the jury's finding of guilt is . . . the *statutory* maximum, not the advisory Guidelines maximum corresponding to the base offense level.") (emphasis in original); *United States v. Bras*, 483 F.3d 103, 107 (D.C. Cir. 2007) (*Booker* remedial opinion rendered Guidelines advisory and "made clear" that, "so modified, . . . the Sixth Amendment's bar against judicial fact-finding does not apply to Guidelines sentencing," even if

4

such fact-finding "yield[s] a sentence above that based on a plea or verdict alone").

### *Alleyne*

*Alleyne* overruled *Harris v. United States*, 536 U.S. 545 (2002), and held that "[a]ny fact that, by law, increases the penalty for a crime," including a fact that increases the mandatory minimum, "is an 'element' [of the crime] that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S. Ct. at 2155; *see also id.* at 2163. Appellants read *Alleyne* to mean that "'every fact that [i]s a basis for imposing *or increasing punishment*' must be submitted to the jury" (Final Reply Brief of Appellants at 17 (quoting *Alleyne*, 133 S. Ct. at 2159 (plurality)) (emphasis added).[1] To the contrary, *Alleyne* held that the Sixth Amendment jury-trial right applies only to facts that trigger

---

[1] Appellants incorrectly assert (at 17) that this language is from the majority opinion in *Alleyne*; in fact, it is from Part III-A of Justice Thomas's opinion, which garnered only a plurality. In addition, the language in question describes the historical practice of "including in the indictment, and submitting to the jury, every fact that was a basis," "by law," "for imposing or increasing punishment"; this language does not purport to describe the test for determining whether a fact is an element that must be submitted to the jury.

5

an increase in the statutory maximum or minimum penalty,[2] not to facts "used to guide judicial discretion in selecting a punishment within limits fixed by law." 133 S. Ct. at 2161 n.2 (internal quotation marks omitted). As *Alleyne* cautioned:

> [W]e take care to note what our holding does not entail. Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury. We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment. . . . Establishing what punishment is available by law and setting a specific punishment within the bounds that the law has prescribed are two different things. Our decision today is wholly consistent with the broad discretion of judges to select a sentence within the range authorized by law.

*Id.* at 2163 (internal citations, quotation marks, and editing omitted). *See also United States v. Figueroa*, No. 12-1527-CR, 2013 WL 3745905, at *1 (2d Cir. Jul. 18, 2013) (citing *Alleyne* for proposition that "[a] district court may consider unrelated criminal conduct in sentencing if it can be proven by a preponderance of the evidence, even if a defendant has been acquitted of that conduct").

Appellants' related assertion (at 18-19) -- that the district court violated the Sixth Amendment because it effectively convicted and

---

[2] An advisory guidelines range cannot affect a statutory mandatory maximum or minimum sentence. *See* USSG §5G1.1.

6

sentenced them for conduct that constituted "an entirely separate crime" -- is wrong both factually and legally. The district court sentenced appellants for their distribution crimes, taking into account their conspiracy conduct as one factor, among many, in calculating their Guidelines ranges and selecting below-Guidelines sentences within the applicable statutory ranges (*see* Final Brief for Appellee at 29-46). Nor did the judge's consideration of the conspiracy conduct "require [him] to impose a higher punishment than he might wish," *Alleyne*, 133 S. Ct. at 2161 (internal quotation marks omitted); instead, he remained free to give that conduct the weight he thought appropriate in exercising his "broad discretion to select a sentence within the range authorized by law," *id.* at 2163. *See also United States v. Dorcely*, 454 F.3d 366, 369-72 (D.C. Cir. 2006) (district court did not violate Sixth Amendment by considering defendant's acquitted conspiracy conduct in sentencing him for false-statement conviction, where sentence fell within range authorized by U.S. Code for false statements).

    Finally, although appellants also cite *Alleyne* (at 20 n.47) in support of their as-applied argument, *Alleyne* in fact puts the final nail in that theory's coffin. Writing for himself and Justices Kennedy,

7

Ginsburg, Sotomayor, and Kagan, Justice Thomas stated that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), does not apply to judicial fact-finding "used to guide judicial discretion" in selecting a sentence "'*within the range* prescribed by statute.'" 133 S. Ct. at 2161 n.2, 2163 (quoting *Apprendi*, 530 U.S. at 481) (emphasis in original). Justice Thomas explained: "While such findings of fact may lead judges to select sentences that are more severe than the ones they would have selected without those facts, the Sixth Amendment *does not govern* that element of sentencing." *Id.* at 2161 n.2 (emphasis added). This categorical statement, which echoes *Booker* (*supra* at 4), is flatly inconsistent with any recognition of a constitutional component to reasonableness review.

## CONCLUSION

WHEREFORE, for the reasons stated herein and in the Final Brief for Appellee, appellee respectfully requests that the judgments of the District Court be affirmed.

Respectfully submitted,

RONALD C. MACHEN JR.
United States Attorney

ELIZABETH TROSMAN
ANN PETALAS
GILBERTO GUERRERO
Assistant United States Attorneys

_____/s/_____
STRATTON C. STRAND
D.C. Bar #464992
Assistant United States Attorney
555 Fourth Street, NW, Room 8104
Washington, D.C. 20530
(202) 252-6829

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

I HEREBY CERTIFY pursuant to Fed. R. App. P. 32(a)(7)(C) that this sur-reply brief contains 1,486 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii) and D.C. Circuit Rule 32(a)(1), and therefore complies with the 7,000-word type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(ii). This brief has been prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

/s/
STRATTON C. STRAND
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, this 23rd day of August, 2013, I caused the foregoing Sur-Reply Brief for Appellee to be served by electronic means, through the Court's CM/ECF system, upon counsel for the parties and the amici:

Anthony D. Martin (appellant Joseph Jones)
Jonathan Zucker (appellant Desmond Thurston)
Stephen C. Leckar (appellant Antwuan Ball)
Jeffrey T. Green (Amici)

/s/
STRATTON C. STRAND
Assistant United States Attorney